IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                  Case No. 23-10098-JWB

STANLEY WALKER, SR.,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to vacate. (Doc. 35.) The motion has been fully briefed and is ripe for decision.[1] (Doc. 37.) The motion is DENIED for the reasons stated herein.

**I.    Facts and Procedural History**

On September 6, 2023, the grand jury returned a single count indictment against Defendant charging a violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) Assistant Federal Public Defender Mitch Biebighauser represented Defendant in this matter. A superseding indictment was returned on March 12, 2024, adding a second count of 18 U.S.C. § 922(g)(1) which occurred on a later date than the initial offense. (Doc. 13.) A second superseding indictment was returned on April 16, 2024, which only modified the descriptions of the firearms. Defendant entered a guilty plea on August 12, 2024. (Doc. 23.) Defendant pleaded guilty to the second § 922(g)(1) count. Defendant indicated in his plea petition that his mind was clear, he was not under the care of a doctor, knew of no reason why his mental competence should be questioned, and had read and understood the petition to plead guilty with his attorney. (Doc. 26.) Defendant signed the plea petition in open

---

[1] Defendant failed to file a reply and the time for doing so has now passed.

1

court. In the plea agreement, he admitted to possessing the firearm and ammunition and that he knew on the date of the offense that he was prohibited from possessing a firearm. Defendant also knew that he was previously convicted of a felony. The firearm at issue had been shipped or transported in interstate or foreign commerce after it was manufactured. (Doc. 27 at 2.)

The court ordered a presentence report ("PSR") to be completed by the probation office. The PSR stated that Defendant reported that he suffers from Post Traumatic Stress Disorder ("PTSD") with reported symptoms including "being hypersensitive and 'paying attention to everything.'" (Doc. 32 ¶ 119.) Defendant had counseling as a juvenile but "stated he is not interested in participating in mental health counseling." (*Id.* ¶¶121–122.) Defendant further stated that he was not addicted to any substances but reported past drug use. (*Id.* ¶ 124.) Defendant was also not interested in drug counseling. (*Id.* ¶ 129.)

On October 29, 2024, a sentencing hearing was held. In that hearing, Defendant appeared with defense counsel and represented that he was satisfied with his counsel's performance. Defense counsel informed the court about Defendant's personal history and the difficulties he faced throughout his life. (Doc. 36 at 8–20.) Defense counsel asked the court to vary down to 24 months from the guideline range of 27 to 33 months. Defendant was sentenced to a term of 24 months. (Doc. 33.)

Prior to this conviction, Defendant faced similar charges in 2013. *See* Case No. 13-10051-EFM. In that case, Defendant was initially represented by David Freund, Assistant Federal Public Defender. However, Mr. Freund was allowed to withdraw after learning of a conflict of interest. (*Id.*; Docs. 7, 11.) On May 23, 2013, Defendant Walker's new counsel obtained an Order for Writ of Habeas Corpus Ad Testificandum for an individual named Jimmy Ponds so that he could testify

as a witness at trial. (*Id.*, Doc. 26.) However, Defendant ultimately entered a guilty plea. (*Id.*, Doc. 33.)

On November 7, 2025, Defendant filed a motion to vacate his conviction.[2] Defendant argues that his counsel was ineffective due to a conflict of interest and for failing to alert the court to Defendant's mental health issues.

## II.     Standard

Section 2255(a) of Title 28 of the U.S. Code provides in part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Unless the motion and the record of the case conclusively show the prisoner is entitled to no relief, the court must promptly grant a hearing. 28 U.S.C. § 2255(b). However, if it plainly appears from the motion, any attached exhibits, and the record that the moving party is not entitled to relief, the judge must dismiss the motion. Rule 4(b), Rules Governing Section 2255 Proceedings. *See United States v. Santiago*, No. 19-10055-JWB, 2021 WL 663201, at *3 (D. Kan. Feb. 19, 2021).

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea." *Lee v. United States*, 582 U.S. 357, 363 (2017) (citation omitted). "To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." *Id*. (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)). A court considering a claim of

---

[2] A letter attached to the motion indicated that Defendant planned to supplement his motion. (Doc. 35-1.) Defendant has failed to do so and the time for filing a § 2255 motion has now passed.

ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Strickland*, 466 U.S. at 689. To establish prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

**III.   Analysis**

    **A.  Conflict of Interest**

Defendant's motion raises two grounds that are based on a conflict of interest. These grounds can be collapsed into one issue. Defendant asserts that the Federal Public Defender's ("FPD") Office had a conflict in his 2013 case because of their representation of Jimmy Ponds. Defendant contends that any past or current conflict is "imputed" to Mr. Biebighauser because he works for the FPD's Office. (Doc. 35 at 5.) In response, the government argues that Mr. Ponds was not a witness to this case and that Defendant has not identified an actual conflict of interest in Mr. Biebighauser's representation of Defendant.

Defendant did not raise the issue of a conflict in the trial court. Therefore, to establish his claim of ineffective assistance, he "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *United States v. Walters*, 163 F. App'x 674, 682 (10th Cir. 2006) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)). "[T]o demonstrate an actual conflict of interest, the petitioner must be able to point to specific instances in the record which suggest an impairment or compromise of his interests for the benefit of another party." *Id.* (quoting *United States v. Alvarez*, 137 F.3d 1249, 1252 (10th Cir. 1998) (quotation omitted). Here, Defendant has wholly failed to identify an actual conflict of interest. Defendant's claim is entirely conclusory and based on an alleged conflict that occurred in his prior case. Defendant fails to put forth any

4

specific instance in the record in this case that suggests that Mr. Biebighauser was operating under a conflict of interest during his representation of Defendant in this case. Therefore, "without a showing of inconsistent interests, any alleged conflict remains hypothetical, and does not constitute ineffective assistance." *Id.*

Because Defendant has not shown an active conflict of interest during his representation, his claim fails.

### B. Sentencing

Finally, Defendant asserts that his trial counsel was ineffective for failing to have Defendant evaluated for mental and emotional challenges he faced during the proceedings, for failing to mention the issues that Defendant faced, and failing to ask for a court recommendation for programming to address these challenges. This claim is entirely conclusory. Although the court construes Defendant's motion liberally, the court is not required to "fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Defendant's conclusory allegations fail to identify exactly what challenges he faced during the proceedings that were different from the issues raised by defense counsel at sentencing and whether defense counsel was aware of these issues.

With respect to the failure to obtain an evaluation, the court notes that an evaluation is necessary only when there is evidence of incompetency. *See Medina v. California*, 505 U.S. 437, 449 (1992). Here, Defendant's competence was not in question, so it was not unreasonable for defense counsel not to request such an evaluation. Moreover, Defendant has not set forth any facts to show that such an evaluation would have led to a reduced sentence. The court already varied downward from the guidelines on Defendant's sentence.

With respect to programming, Defendant fails to identify what programming defense counsel should have requested at sentencing. Notably, Defendant told the probation office that he did not want mental health counseling or drug treatment. Moreover, as pointed out by the government, the court has no control over the programming that is provided by the Bureau of Prisons.

The court finds that the allegations in the petition fail to show that counsel's representation fell below an objective standard of reasonableness and fail to show that Defendant suffered any prejudice as a result.

### IV.  Conclusion

Defendant's motion to vacate sentence (Doc. 35) is DENIED.

An appeal from a final order on a § 2255 motion may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

IT IS SO ORDERED.  Dated this 25th day of February, 2026.

        s/ John W. Broomes
      JOHN W. BROOMES
      CHIEF UNITED STATES DISTRICT JUDGE